UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY M. BARTLETT,

                Plaintiff,

-against-

TRIBECA LENDING CORP.; FRANKLIN
MORTGAGE ASSET TRUST 2009-A,

                Defendants.

21-CV-2913 (CM)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

      On January 29, 2016, Plaintiff was barred from filing any new civil action in this Court regarding his 2007 state-court foreclosure proceeding without first obtaining from the Court leave to file. *See Bartlett v. Tribeca Lending Corp.*, ECF 1:15-CV-6102, 11 (S.D.N.Y. Jan. 29, 2016). Plaintiff files this new *pro se* case, and seeks *in forma pauperis* (IFP) status and leave from the Court to file this action. Plaintiff contends in the leave-application that he should be permitted to file this action because it "is totally new from previous complaints" that he has filed. (ECF 2, at 16.) He maintains that whereas he has previously asserted claims of "fraud on the court" arising from Defendants' alleged failure to comply with the notice requirement in § 1303 of New York Real Property Actions and Proceedings Law (R.P.A.P.L.), he now argues that because Defendants allegedly failed to comply with R.P.A.P.L. § 1303, he was never properly served, and therefore the state court lacked jurisdiction over his 2007 foreclosure action.

      The Court, having reviewed Plaintiff's motion and the proposed complaint, denies Plaintiff permission to proceed with this action. Plaintiff's motion for leave to file does not show that this new action is a departure from his previous frivolous litigation. As Plaintiff has repeatedly been advised by this Court, the *Rooker-Feldman* doctrine prohibits federal district courts from deciding cases "brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (noting the four requirements for application of the *Rooker-Feldman* doctrine). Because this action is a continuation of Plaintiff's pattern of vexatious and frivolous filings concerning his 2007 state-court foreclosure action, the Court denies both his motion for permission to file and his IFP application, and dismisses this action under the January 29, 2016 bar order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's application for permission to file the complaint and his IFP application, and dismisses this action under the January 29, 2016 bar order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 9, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge